UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD BRENT WILLIAMS, et al., | ) | CASE NO. 5:15-cv-2345 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | |
| DONALD SCHISMENOS, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

On December 21, 2016, defendants filed their respective motions for summary judgment. (Doc. Nos. 28, 30.) On December 27, 2016, more than a month after the close of discovery, plaintiffs filed the present motion for an extension of time in which to complete discovery and respond to defendants' summary judgment motions. (Doc. No. 31 ["Mot."].) The Court afforded defendants a brief period in which to respond to plaintiffs' motion seeking additional time, and defendants have now filed their opposition briefs. (Doc. Nos. 32, 33.) This matter is fully briefed.

By their motion, plaintiffs seek two additional months, until February 28, 2017, to complete non-expert discovery, and a further 21 days in which to file their opposition to summary judgment. Plaintiffs insist that the additional time is necessary in order to permit defendants to fully respond to plaintiffs' written discovery requests and plaintiffs to process defendants' supplemental discovery responses. According to counsel, plaintiffs underestimated the amount of time that would be necessary for defendants to respond to discovery. Additionally, counsel indicated that they attempted to limit discovery costs because they had been led to believe by defendants that the parties were interested in seeking a resolution of this matter through mediation.

Rule 56(d) of the Federal Rules of Civil Procedure affords a non-moving party an avenue for relief if he believes that facts needed to respond to summary judgment are currently unavailable. Specifically, that rule provides that: "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). As the rule clearly states, the party seeking such relief must support that request with an affidavit or declaration demonstrating the need for the discovery. *Id.*; *see Redhawk Global, LLC v. World Projects Int'l*, Civil Action No. 2:11-cv-666, 2012 WL 2018528, at *2 (S.D. Ohio June 5, 2012) ("There is no absolute right to complete all discovery.") (citing *Emmons v. McLaughlin*, 874 F.2d 351, 356 (6th Cir. 1989)). Further, such request must be made in good faith, and the supporting affidavit or declaration should detail the discovery sought and explain how that discovery would enable the party to rebut the movant's showing of the absence of genuine issues of material fact. *Redhawk Global*, 2012 WL 2018528, at *2.

Defendants maintain, and the Court agrees, that plaintiffs have failed to comply with the requirements of Rule 56(d). Plaintiffs have not supported their motion with an affidavit or declaration detailing the discovery sought or explaining how such discovery would assist them in responding to defendants' summary judgment motions. Further, counsel's unverified general representation that defendants' discovery responses are deficient, and vague speculation that more thorough discovery responses from defendants will put plaintiffs "in a position to provide an expert report to the Defendants and fully respond to" the summary judgment motions, fall woefully short of demonstrating an entitlement to additional discovery under Rule 56(d). (Mot. at 368.) *See Garcia v. U.S. Air Force*, 533 F.3d 1171, 1179 (10th Cir. 2008) ("A party may not

invoke Rule 56[d] by simply stating that discovery is incomplete but must state with specificity how the additional material will rebut the summary judgment motion.") (quotation marks and citation omitted); *Summers v. Leis*, 368 F.3d 881, 887 (6th Cir. 2004) (noting that, under Rule 56(d) [former Rule 56(f)] "bare allegations or vague assertions of the need for discovery are not enough") (citation omitted); *see also Keebler Co. v. Murray Bakery Prods.*, 866 F.2d 1386, 1389 (Fed. Cir. 1989) ("Summary judgment need not be denied merely to satisfy a litigant's speculative hope of finding some evidence [through discovery] that might tend to support a complaint.") (quotation marks and citation omitted).

Further, to the extent that plaintiffs are now attempting to bring a discovery dispute to the Court's attention, such an untimely effort falls outside the Court's local rules. Local Rule 37.1 governs discovery disputes and makes clear that a party seeking the Court's assistance in resolving such a dispute must certify to the Court that he has previously engaged in good faith efforts to resolve the matter. The party must then apprise the court of the dispute and afford it an opportunity to resolve the matter by means of a phone conference or, if that fails, upon letters of the parties outlining their respective positions. L.R. 37.1(a); *Bertz v. Norfold S. Ry.*, No. 3:03cv7011, 2004 WL 952796, n.2 (N.D. Ohio Apr. 12, 2004). Plaintiffs did not follow any of the procedures outlined in Rule 37.1, and failed to bring the dispute to the attention of the Court within 10 days of the close of discovery, as is required under Rule 37.1(b). Any such dispute, therefore, is not properly before the Court.

There have already been numerous delays in this case. On August 22, 2016, the Court granted plaintiffs' motion for an additional six weeks in which to conduct non-expert discovery, extending discovery until September 30, 2016. (Non-Doc. Order dated 08/22/2016; *see* Doc. No. 18.) On September 22, 2016, plaintiffs sought an additional extension of non-expert discovery

until November 14, 2016. (Doc. No. 21.) The Court granted that motion, as well, and adjusted the summary judgment briefing dates accordingly. (Non-Doc. Order dated 09/26/2016.) On December 12, 2016, defendant City of Akron moved to extend the summary judgment briefing schedule by five days. (Doc. No. 27.) In its non-document order granting the motion, the Court warned the parties that "given that the Court has already granted numerous extensions, barring extraordinary circumstances, no further extensions shall be granted." (Non-Doc. Order dated 12/16/2016.)

The Court finds that plaintiffs have failed to demonstrate extraordinary circumstances that would warrant a further extension. Plaintiffs waited until well after discovery was closed and summary judgment had been filed before bringing any of their concerns regarding discovery to the Court's attention. Moreover, while the Court can appreciate plaintiffs' desire to limit costs, such a concern does not relieve plaintiffs' of their obligation to diligently work toward the deadlines set by the Court. The Court has both the right and the obligation to manage the cases on its docket in a timely and efficient manner, and it cannot justify further delaying this case based on plaintiffs' general hopes that further discovery may prove fruitful. Accordingly, plaintiffs' motion for an extension of time is denied.

**IT IS SO ORDERED**.

Dated: January 6, 2017

                                                **HONORABLE SARA LIOI**
                                                **UNITED STATES DISTRICT JUDGE**