UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD BRENT WILLIAMS, et al., | ) | CASE NO. 5:15-cv-2345 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| DONALD SCHISMENOS, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

This matter comes before the Court on plaintiffs' motion styled "Motion for Additional Time to Complete Discovery and Respond to Defendants' Motion[s] for Summary Judgment or, in the Alternative, for an Order Dismissing this Complaint without Prejudice." (Doc. No. 35.) The Court stayed dispositive motion briefing pending resolution of plaintiffs' discovery motion and afforded defendants a brief period in which to respond to plaintiffs' motion. (*See* Doc. No. 37 (Response of Donald Schismenos); Doc. No. 38 (Response of City of Akron and Jessie Leeser).) For the reasons that follow, plaintiffs' motion to extend discovery is denied, and their alternative motion to dismiss is also denied.

I. BACKGROUND

This civil rights action, filed in state court on October 19, 2015 and removed to federal court on November 16, 2015, stems from the 1996 arrest of plaintiff Edward Williams following a traffic stop by City of Akron police officers. Plaintiffs aver that the arresting officers used excessive force during the arrest, and numerous complaint allegations revolve around defendant Schismenos' alleged failure to produce surreptitious recording he made of the arrest prior to or

during Mr. Williams' state criminal trial. (*See* Doc. No. 1-1 ¶¶ 26-30, 40, 46-47, 63.) Plaintiffs bring claims under 42 U.S.C. § 1983 and state law. In the interest of judicial economy, the Court will limit the remaining background discussion to the facts of this action relevant to the motion at issue.

On April 4, 2016, the Court conducted a telephonic case management conference, at which time it set the dates and deadlines for this case. The deadline for the completion of non-expert discovery was set as August 15, 2016. (Doc. No. 13.) Plaintiffs do not dispute that, prior to August 15, 2016, they issued no written discovery requests to defendants and did not conduct any depositions. After the expiration of the initial discovery period, plaintiffs moved for an additional six weeks in which to conduct non-expert discovery. In support of their motion, plaintiffs indicated that they had been attempting to gather numerous documents, some of which were more than 15 years old. (Doc. No. 18.) The Court granted the motion and extended the non-expert discovery period to September 30, 2016. (Non-doc. Order dated 8/22/2016.)

On September 22, 2016, plaintiffs sought an additional extension of non-expert discovery until November 14, 2016. (Doc. No. 21.) In this second motion for more time, plaintiffs explained that counsel "underestimated the time necessary to complete the desired discovery." (Doc. No. 21 at 114.)  According to plaintiffs, "additional time [was] necessary to examine the events underlying this matter, much of which occurred twenty years ago." (*Id*. at 115.) The Court granted this motion, as well, and adjusted the summary judgment briefing dates accordingly. (Non-doc. Order dated 9/26/2016.) Neither request for additional time mentioned a discovery dispute, and non-expert discovery, which lasted over 8 months, finally closed on November 14, 2016.

On December 12, 2016, defendant City of Akron moved to extend the summary judgment briefing schedule by 5 days. (Doc. No. 27.) In its non-document order granting the motion, the Court warned the parties that "given that the Court has already granted numerous extensions, barring extraordinary circumstances, no further extension shall be granted." (Non-doc. Order dated 12/16/2016.) On December 21, 2016, defendants filed their motions for summary judgment, raising a number of issues, including qualified and statutory immunity and timeliness of some of plaintiffs' claims. (Doc. Nos. 28, 30.)

According to the revised schedule, plaintiffs' response to summary judgment was due on January 23, 2017. On December 27, 2016, plaintiffs filed a motion seeking 2 additional months for fact discovery and a further 21 days in which to file their response to summary judgment. (Doc. No. 31.) Plaintiffs insisted that still more time was necessary for discovery because they were waiting for defendants to respond to discovery requests, complaining that some of defendants' initial responses were inadequate. This untimely motion marked the first time plaintiffs had mentioned to the Court anything in the nature of a discovery dispute. Plaintiffs also indicated that, once again, counsel had underestimated the time necessary to finish discovery. Additionally, counsel indicated that they attempted to limit discovery costs because they had been led to believe by defendants that the parties were interested in seeking a resolution of this matter through mediation. (*Id.* at 375.)

The Court denied the motion because plaintiffs had not shown by affidavit or declaration reasons why they could not present facts essential to justify their opposition to summary judgment, as required for such relief under Rule 56(d) of the Federal Rules of Civil Procedure. (Doc. No. 34 at 427-28.) Specifically, the Court found that plaintiffs' counsel's "unverified

general representation that defendants' discovery responses [were] deficient, and vague speculation that more thorough discovery responses" would put plaintiffs in a better position to defend summary judgment fell "woefully short of demonstrating an entitlement to additional discovery under Rule 56(d)." (*Id.*, quoting Doc. No. 31, further citations omitted.) The Court also observed that, "to the extent that plaintiffs [were] now attempting to bring a discovery dispute to the Court's attention, such an untimely effort [fell] outside the Court's local rules." (*Id.* at 428, citing L.R. 37.1 [requiring a party to bring a discovery dispute to the Court's attention within 10 days of the close of discovery].)[1]

On January 23, 2017 (the date plaintiffs' summary judgment opposition brief was due), plaintiffs filed the present motion. Contemporaneous with the filing of the motion, plaintiffs filed a notice of a discovery dispute. (Doc. No. 36.) Plaintiffs' motion is supported by an affidavit from counsel. (Doc. No. 35-16.) The focus of the motion, affidavit, and notice is plaintiffs' initial discovery requests to the City, which were served on August 31, 2016 (notably two weeks after the original fact discovery period had expired). It is plaintiffs' position that the City's responses to these requests were late and wholly inadequate, sparking extensive discussions with counsel over a period of several months. Plaintiffs attach copies of the letters and emails recording the exchange between counsel, and it appears that as late as December 18, 2016, plaintiffs' counsel was still corresponding with defense counsel over perceived deficiencies in the responses. (*See*

---

[1] Local Rule 37.1 governs discovery disputes and makes clear that a party seeking the Court's assistance in resolving such a dispute must also certify to the Court that he has previously engaged in good faith efforts to resolve the matter. The party must then apprise the court of the dispute and afford it an opportunity to resolve the matter by means of a phone conference or, if that fails, upon letters of the parties outlining their respective positions. L.R. 37.1(a). The Court found that plaintiff did not follow *any* of the procedures outlined in Rule 37.1, and, as such, the dispute was not properly before the Court. (Doc. No. 34 at 428.) *See Infocision Mgmt. Corp. v. Found. for Moral Law, Inc.*, No. 5:08-cv-1342, 2009 WL 1661650, at *2 (N.D. Ohio June 15, 2009) (collecting cases denying discovery motions for failure to comply with L.R. 37.1).

4

Doc. Nos. 35-1 and 35-3 through 35-15.)

Plaintiffs concede, as they must, that they have brought this discovery dispute to the Court in an untimely fashion, and well outside of the time limit set forth in the local rules. Still, they suggest that their counsel attempted to work through the discovery dispute with defense counsel in good faith in an effort to avoid burdening the Court with a Rule 37 motion to compel. (Doc. No. 35 at 431.) Plaintiffs complain that, despite the fact that they attempted to work with defense counsel and even agreed to a bifurcation of discovery production to ease the burden on the City, the City's refusal to honor its discovery obligations has left plaintiffs in a position "wherein the merits of this action may be decided without the necessary information to permit the Court to make a decision based upon full and fair consideration of all the relevant facts." (*Id*.)

## II. PLAINTIFFS' MOTION FOR ADDITIONAL DISCOVERY

Plaintiffs' motion for additional discovery is governed by Rule 56(d), which affords a non-moving party an avenue for relief if he believes that facts needed to respond to summary judgment are currently unavailable. Specifically, the rule provides that: "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). As the rule clearly states, the party seeking such relief must support that request with an affidavit or declaration demonstrating the need for the discovery. *Id*.; *see Redhawk Global, LLC v. World Projects Int'l*, Civil Action No. 2:11-cv-666, 2012 WL 2018528, at *2 (S.D. Ohio June 5, 2012) ("There is no absolute right to complete all discovery.") (citing *Emmons v. McLaughlin*, 874 F.2d 351, 356 (6th Cir. 1989)). Further, such request must be made

in good faith, and the supporting affidavit or declaration should detail the discovery sought and explain how that discovery would enable the party to rebut the movant's showing of the absence of genuine issues of material fact. *Redhawk Global*, 2012 WL 2018528, at *2.

The decision to grant additional discovery is discretionary, and the Sixth Circuit has endorsed five factors to guide the district court's consideration: (1) when the party seeking discovery learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery would change the ruling; (3) how long the discovery period lasted; (4) whether the party seeking discovery was dilatory in its discovery efforts; and (5) whether the non-moving party was responsive to discovery requests. *Mallory v. Noble Corr. Inst.*, 45 F. App'x 463, 467-68 (6th Cir. 2002) (citing *Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1196-97 (6th Cir. 1995)); *see Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 426 (6th Cir. 2009) (decision to allow or deny additional discovery is reviewed for abuse of discretion) (citations omitted). The protection of Rule 56(d) "is not intended to shield counsel who were dilatory in conducting discovery." *Mallory*, 45 F. App'x at 469 (citing former Rule 56(f) and collecting cases). Consequently, courts "pay special attention to the fourth *Plott* factor, whether counsel was dilatory[.]" *Id*.

Here, the majority of the *Plott* factors—and most notably the fourth factor—weighs against granting plaintiffs' motion. Beginning with the first factor, plaintiffs knew at the outset of the litigation that their allegations against the City and its police officers regarding Edward Williams' 1996 arrest would likely generate summary judgment motions touching upon issues of excessive force and qualified and statutory immunity. Given the fact that the underlying investigatory stop and arrest occurred more than 20 years ago, it was entirely foreseeable that

timeliness challenges would also be raised.

As to the second factor, defendants argue that they have already produced all that is needed to respond to the pending dispositive motions including: the police reports of the arrest, the audiotape recordings of witness interviews, defendant Jesse Lesser's personnel file, and, most significantly, the video recording of the traffic stop and arrest. (Doc. No. 37 at 674-75.) Still, plaintiffs stress that they made clear to defendants that they needed more complete discovery responses to adequately prepare for and conduct depositions:

> A fact necessary to understanding the case against the City is the question of when they discovered the surreptitious recordings by the City, in this case the recording of the arrest of [p]laintiff Edward Williams, and what steps if any were taken to determine whether those recordings should have been produced in either ongoing and/or completed criminal cases. The state of the incomplete discovery indicates that [d]efendant Schismenos claims his superiors were aware of the recordings at the time they were made yet the discovery produced to date does [not] indicate any acknowledgement by the City of such notifications. It was necessary to get the complete responses from the City in order to conduct meaningful depositions on this issue.

(Doc. No. 35 at 436-37.) Plaintiffs also suggest, in conclusory fashion, that more complete discovery responses on use of force training would be helpful in order to enable plaintiffs to present facts to an expert who could opine on the appropriateness of the force used. (*Id*. at 437.)

Defendants maintain, and the Court agrees, that plaintiffs have failed to demonstrate how more discovery would help generate a genuine issue of material fact to defeat defendants' summary judgment motions. *See Egerer*, 556 F.3d at 427 (affirming trial court's denial of Rule 56(d) discovery for failing to demonstrate that additional discovery had the potential to raise genuine issues of material fact). While the question of when the City learned of defendant Schismenos' recordings may have some bearing on how plaintiffs would present their case at trial, plaintiffs fail to explain how such information would test defendants' summary judgment

arguments that the § 1983 claims are time-barred, that the "secret" recording, itself, was not exculpatory, or that the individual defendants were entitled to qualified or statutory immunity.

Moreover, plaintiffs fail to identify what specific facts would have enabled them to secure an expert opinion to raise fact issues as to whether the use of force was constitutional. *See Summers v. Leis*, 368 F.3d 881, 887 (6th Cir. 2004) (noting that, under Rule 56(d) [former Rule 56(f)] "bare allegations or vague assertions of the need for discovery are not enough") (citation omitted); *see also Mallory,* 45 F. App'x at 468 (quoting *Majewski v. Auto. Data Processing, Inc.*, 274 F.3d 1106, 1114 (6th Cir. 2001) ("Where the full period for pretrial discovery has run its course, a party should generally be precluded from reopening discovery months after it has closed in a last-ditch attempt to salvage a deficient claim or defense.")); *Keebler Co. v. Murray Bakery Prods.*, 866 F.2d 1386, 1389 (Fed. Cir. 1989) ("Summary judgment need not be denied merely to satisfy a litigant's speculative hope of finding some evidence [through discovery] that might tend to support a complaint.") (quotation marks and citation omitted). The second factor counsels against granting the motion.

The third and fourth factors also favor defendants. With the extensions the Court granted at plaintiffs' request, plaintiffs had more than 8 months to conduct discovery. Yet, plaintiffs waited at least 4 months—and two weeks after the original window for discovery had closed—before they propounded any discovery requests to defendants. Plaintiff also waited more than a month after discovery had closed and summary judgment was pending to allege a discovery dispute. This dilatory conduct weighs heavily against delaying this case any further.

Even the fifth factor does not favor plaintiffs. Defendants insist that they were responsive to plaintiffs' discovery requests, and the emails between counsel suggests that defendants had a

basis to delay in responding to what defendants believed were overbroad and irrelevant discovery requests. And although a discovery dispute was never properly brought before the Court, the Court has reviewed plaintiffs' requests and cannot readily dismiss defendants' concerns. But, it would appear that, at least, some of defendants' delay was unwarranted. Still, it is *plaintiffs' delay* in waiting until well after the close of discovery to bring the dispute to the Court's attention that made it impossible for the Court to resolve the matter before the discovery period expired. Thus, the fifth favor weighs in favor of neither party.

Ultimately, the Court finds that the *Plott* factors clearly counsel against allowing additional discovery. With over 8 months to conduct discovery, plaintiffs had more than enough time to discover the facts they knew from the outset would be relevant on summary judgment. Yet, plaintiffs were dilatory at every step of the way. While the delays in pursuing discovery and to present the Court with a timely discovery dispute may have been motivated, in part, by a desire to conserve resources in the hopes that the case would settle or so that a motion to compel could be avoided, it is not the Court's duty to protect parties' from ill-advised strategies. Plaintiffs' current predicament is of their own making and does not warrant further delaying the disposition of this case. Plaintiffs' Rule 56(d) motion for additional discovery is denied.

### III. PLAINTIFFS' MOTION TO VOLUNTARILY DISMISS

In the alternative, plaintiffs request leave to voluntarily dismiss this action without prejudice under Rule 41(a)(2). According to plaintiffs' motion, once the case is dismissed, they would refile and "reincorporate the discovery from this case and proceed immediately to resolve the limited discovery issues remaining." (Doc. No. 35 at 438.) Defendants oppose any dismissal without prejudice at this stage in the proceedings and complain that plaintiffs' motion represents

an impermissible attempt get a second bite at the discovery apple.

Rule 41(a)(2) provides plaintiffs with a means by which to voluntarily dismiss their own cases. Notwithstanding a few caveats not at issue here, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed R. Civ. P. 41(a)(2). "Unless the [court's] order states otherwise, a dismissal under this paragraph . . . is without prejudice." *Id.* The requirement of court approval exists primarily to protect the non-movant from unfair treatment. *Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc*., 583 F.3d 948, 953 (6th Cir. 2009) (citing *Grover v. Eli Lilly & Co*., 33 F.3d 716, 718 (6th Cir. 1994)). Thus, while the decision to dismiss under this rule is discretionary, a district court abuses that discretion when a dismissal without prejudice would cause the defendant to suffer "plain legal prejudice." *Grover*, 33 F.3d at 718 (citations omitted).

"The mere prospect of having to face a second lawsuit" is not the type of prejudice that Rule 41(a)(2) contemplates. *Jones v. W. Reserve Transit Auth*., 455 F. App'x 640, 643 (6th Cir. 2012) (citation omitted). Instead, the Court considers several factors—including two that guide the Rule 56(d) analysis—in deciding whether a defendant will suffer "plain legal prejudice" from a dismissal without prejudice: (1) the defendant's effort and expense in preparing for trial; (2) excessive delay or lack of diligence by the plaintiff in prosecuting the action; (3) insufficiencies in the plaintiffs' explanation of the need for a dismissal; and (4) whether a motion for summary judgment is pending. *Bridgeport Music*, 583 F.3d at 953 (citing *Grover*, 33 F.3d at 718) (quotation marks omitted). These factors are not an "exclusive or mandatory list," and district courts need not analyze each factor or limit its consideration to those factors alone." *Rosenthal v. Bridgestone/Firestone, Inc*., 217 F. App'x 498, 502 (6th Cir. 2007) (citation and further

quotation marks omitted).

In *Matthews v. Tenn. Bd. of Prob. & Parole*, the district court considered a Rule 42(a)(2) motion that presented with a similar procedural history. There, the plaintiff brought a Tile VII action alleging race and gender discrimination. After the defendant moved for summary judgment, the plaintiff filed a Rule 56(d) [former Rule 56(f)] motion for additional discovery, which the court denied because the plaintiff had not demonstrated that her failure to complete discovery was the result of "excusable neglect," and the court afforded the plaintiff a brief period in which to file an opposition to summary judgment. Instead of filing an opposition brief, the plaintiff filed a motion for a Rule 42(a)(2) dismissal. *Matthews*, No. 1:07-cv-46, 2008 WL 2609160, at *1 (E.D. Tenn. June 26, 2008). The defendant opposed the motion, complaining that the plaintiff was merely trying to orchestrate an "end run" around the court's prior ruling that she was not entitled to additional time for discovery. *Id*. at *3.

The court denied the Rule 42(a)(2) motion to dismiss. As to the first factor, the court emphasized that discovery was complete and the plaintiff filed her motion to dismiss "less than two months prior to trial." *Id*. at *4. With respect to the second factor, the court found a lack of diligence on the plaintiff's part because she failed to satisfy the Rule 56(d) standard for discovery and made no attempt to respond to the defendant's summary judgment motion. *Id*. As to the third factor, the court rejected the plaintiff's suggestion that the defendant's lack of cooperation in discovery necessitated dismissal without prejudice, noting that a timely motion to compel would have secured the discovery that the plaintiff claimed she still needed to respond. *Id*. at *5 ("Even giving Plaintiff the extreme benefit of the doubt, the allegations in her motion for a voluntary dismissal without prejudice under Rule 41(a)(2) show it is nothing more than [an]

11

attempt to avoid the Court's prior ruling on Plaintiff's motion to extend the discovery deadline to permit her to take Patterson's deposition.") Acknowledging the fact that the defendant had already moved for summary judgment, the court found that all four factors weighed against dismissal. *Id.*; *see, e.g., Jones v. W. Reserve Transit Auth.*, 455 F. App'x 640, 644 (6th Cir. 2012) (district court did not err in denying Rule 42(a)(2) motion where plaintiff "waited three months [to file his motion], and eventually only filed the motion because a looming discovery deadline was about to pass").

Similarly here, defendants have expended considerable time and effort litigating this action. Plaintiffs' alternative motion to dismiss was filed after the close of discovery, less than 2 months before the final pretrial conference, and only 3 months before trial. Further, as set forth above, plaintiffs have prosecuted this action with an extreme lack of diligence. Their suggestion that they have been hindered by the City's disregard of its discovery obligations is of no consequence when a timely request for the Court's intervention could have resolved all discovery disputes and kept this case on track. Instead, it is clear that the present motion represents an impermissible attempt to maneuver around the Court's refusal to further extend discovery. Indeed, the fact that plaintiffs propose that, upon refiling, the parties should reincorporate all discovery efforts to date and immediately proceed to addressing the untimely noticed discovery dispute only serves to reinforce the Court's conclusion.[2]

---

[2] Nonetheless, the Court notes that the last factor—the filing of a summary judgment motion—carries less weight because presumably the same motion could be used again upon refiling. In fact, the Court finds that much of defendants' efforts in discovery and motion practice (with the obvious exception of the costs associated with defending plaintiffs' Rule 56(d) and Rule 42(a)(2) motions) would transfer to a refiled action. *See Wargo v. Jungels*, No. 11-10195, 2012 WL 1060094, at *2 (E.D. Mich. Mar. 29, 2012) (the filing of a motion for summary judgment "lends only modest support to a finding of prejudice, since 'much [or all] of [Defendant's] efforts and expense would be useful in any subsequent suit in which Plaintiff may reassert his negligence claim against Defendant'") (citing *Rosenthal*, 217 F. App'x at 502). This concession in no way detracts from the fact that the remaining factors clearly favor defendants.

Consideration of the relevant factors weighs heavily against permitting plaintiffs to dismiss without prejudice. Therefore, the Court exercises its discretion to deny plaintiffs' request to dismiss without prejudice at this late stage in the proceedings.

### IV. CONCLUSION

On the basis of the foregoing, plaintiffs' motion for additional time to conduct discovery is denied, and their alternative motion to dismiss is also denied. Plaintiffs shall have until March 29, 2017 to file a response to defendants' summary judgment motions. Defendants shall have leave until April 10, 2017 to file any replies. Because plaintiffs' motion for reconsideration has already unnecessarily delayed these proceedings, the final pre-trial conference, scheduled for March 22, 2017, shall be continued until June 16, 2017 at 1:30 PM, and the trial, scheduled to begin on April 17, 2017, shall be continued until July 17, 2017. Additionally, the motions in limine, filed in anticipation of the April 17, 2017 trial date, are denied without prejudice.

**IT IS SO ORDERED**.

Dated: March 16, 2017

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**